884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Floyd McKinley BALL, Defendant-Appellant.
 No. 88-5108.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 27, 1989.
Decided Aug. 17, 1989.
 
 Barry Lynn Proctor, for appellant.
 Jerry Walter Kilgore, Office of the United States Attorney, for appellee.
 Before WIDENER, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Floyd Ball was convicted of interstate transportation of a firearm by a convicted felon, 18 U.S.C. Secs. 922(g)(1) and 922(a), and possession of an unregistered firearm, 26 U.S.C. Secs. 5861(d) and 5871.[1] Ball was sentenced to five years in prison and a consecutive five years on probation. He now appeals those convictions.
 
 
 2
 Counsel for Ball has filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit in this appeal. Subsequently, Ball filed a pro se brief claiming that (1) the search of his suitcase (in which the explosive devices were found) was improper, and (2) he received ineffective assistance.
 
 
 3
 The issues raised by Ball are meritless. We note that there was no government action in the search of the suitcase because the suitcase was opened by a private person (Ball's sister), not at the behest of government officials. See United States v. Mehra, 824 F.2d 297 (4th Cir.), cert. denied, 56 U.S.L.W. 3288 (U.S. Oct. 19, 1987) (No. 87-463). Moreover, the police properly confiscated the suitcase because they were invited onto the property by Ball's sister and the suitcase was already open and its contents were in plain view. See Coolidge v. New Hampshire, 403 U.S. 443 (1971). Regarding the ineffective assistance claim, we hold that that claim is premature on direct appeal. See United States v. Lurz, 666 F.2d 69 (4th Cir.1981), cert. denied, 455 U.S. 1005 (1982).
 
 
 4
 In addition to reviewing Ball's pro se claims, we have undertaken an independent review of the entire record and all pertinent documents, as required by Anders. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Accordingly, we affirm.
 
 
 5
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that an appointed attorney inform his client in writing of his right to petition the Supreme Court for a writ of certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A). If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 
 6
 Because the record discloses no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Ball was convicted of three additional offenses but the district court dismissed those charges as duplicitous